**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| PAMELA P. YANCY-EL, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 2:24-cv-751 |
| | ) | |
| v. | ) | District Judge J. Nicholas Ranjan |
| | ) | Magistrate Judge Maureen P. Kelly |
| CHRIS KELLY, et al., | ) | |
| | ) | Re: ECF No. 1 |
| Defendants. | ) | |

**REPORT AND RECOMMENDATION**

**I.      RECOMMENDATION**

Plaintiff Pamela P. Yancy-El, a non-prisoner proceeding *pro se*, has filed a Motion to Proceed *In Forma Pauperis* and presents a Complaint. ECF Nos. 1, 1-1. The Court granted her Motion to Proceed *In Forma Pauperis*, ECF No. 7, and now screens the Complaint as required by 28 U.S.C. § 1915(e)(2). For the following reasons, it is recommended that the Complaint be dismissed for failure to state a claim.

**II.     REPORT**

**A.      FACTUAL AND PROCEDURAL BACKGROUND**

Yancy-El brings this action for the alleged violation of her rights arising out of several summary offenses of the Pennsylvania Motor Vehicle Code for operating an unregistered and uninspected vehicle without a license. ECF No. 1-3 at 20-43. She asserts that this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332 because she a citizen of the "Pennsylvania State Republic." Plaintiff also has registered an "assumed name" with the Minnesota Secretary of State. ECF Nos. 1-2, 1-2, 1-3 at 4-5. That said, she also identifies Allegheny County, Pennsylvania as her County of Residence. ECF No. 1-2. Yancy-El also claims that the amount in controversy

1

exceeds $75,000 and presents an "Itemized Bill" for fines, impound costs, and amounts she states she is entitled to for, among other things, being ordered to step outside of her car, being ordered to set back from her car, being ordered to leave keys in her ignition, being ordered "to make private self public." ECF No. 1-3 at 9. She also claims she is owed amounts for "warring against constitution – arbitral deprivation of rights;" "warring against constitution – human trafficking." Id. The total of the stated amounts for these alleged violations exceeds the threshold amount for diversity jurisdiction; however, based on her acknowledged residency in Allegheny County, diversity jurisdiction does not apply. To the extent her claims include the alleged violation of federal constitutional rights, federal question jurisdiction applies, and venue is appropriate in this Court. 28 U.S.C. § 1331.

As to the substance of her claims, Yancy-El broadly alleges that the a Pennsylvania Magisterial District Judge, the Mayor of West Mifflin Borough, Pennsylvania, the Borough Manager, the members of the Borough Council, the Borough Chief of Police and two Borough patrolmen violated her rights by "caus[ing] harm, injury and financial loss." ECF No. 1-1 at 5. Yancy-El presents factual allegations against only three of the named Defendants – Magisterial District Judge Richard D. Olasz, Jr.;  Brian J. Ripper, a West Mifflin Borough Patrolman; and Cody Hamilton, a West Mifflin Borough Patrolman.

Yancey alleges Olasz:

trespassed by exceeding his limitations, accessed and used her property without right, … circulated financial instruments without authorization, discriminated against [her] because of [her] religious beliefs, national origin and [her] citizenship status, made void judgment, did not answer required questions. His actions did cause [her] harm and financial loss.

Id. at 7.

Patrolman Ripper:

> trespassed by conducting unauthorized business in [her] name. He separated [her] from [her] property. He committed theft by intimidation upon [her] property. He did not accept proper ID when offered, made false reports to law enforcement, conspired with other men to depart [her] from [her property under threat of arrest. Misidentified [her] property and discriminated against [her]. He defamed [her] character by assertion of anti-government affiliation. He did not answer required questions of respond to any notices for discovery. And he foot dragged, evaded and covered for his fellow men. His actions caused [her] harm, injury and financial loss.

Id.

As to Patrolman Hamilton, Yancy-El asserts nearly identical allegations as those asserted against Ripper, and adds that Patrolman Hamilton "discriminated against [her] daughter (property) because of her sexual orientation, religious beliefs, national origin and citizenship status." Id. at 9.

Yancy-El seeks "a court-appointed attorney, protection, consideration, benefit and enforcement of the law."[1] Id. at 5. In addition, she asks the Court to "[t]rack and trace all financial transaction, disgorge, compensation and sanction wrongdoers." Id.

## B.    STANDARD OF REVIEW

Under 28 U.S.C. § 1915(e)(2), the Court is directed to screen complaints at any time where, as is the case here, the plaintiff has been granted leave to proceed *in forma pauperis*. The Court is required to dismiss any case that is frivolous or fails to state a claim upon which relief may be granted. The United States Supreme Court has held that a complaint "is frivolous where it lacks an arguable basis either in law or in fact ... [The] term 'frivolous,' when applied to a complaint, embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." Neitzke v. Williams, 490 U.S. 319, 325 (1989). When determining whether a complaint fails to state a

---

[1] Yancy-El requests that the Court appoint a lawyer to act on her behalf. See ECF No. 1 at 5. This request is denied. See Tabron v. Grace, 6 F.3d 147, 155 (3d Cir. 1993) (in determining whether appointment of counsel is appropriate, the Court should first determine whether plaintiff's lawsuit has a legal basis). Yancy-El may file a motion for appointment of counsel with her amended complaint if she chooses to do so.

claim, courts utilize the same standard applied to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). D'Agostino v. CECOM RDEC, 436 F. App'x 70, 72 (3d Cir. 2011) (citing Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999)).

A complaint must be dismissed under Fed. R. Civ. P. 12(b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 554, 556 (2007). The court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009) (quoting Phillips v. Cnty. of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008)).

Plaintiff is proceeding *pro se*. Thus, the Court construes her factual allegations liberally. See Mala v. Crown Bay Marina, Inc., 704 F.3d 239, 244–45 (3d Cir. 2013).

## C.    DISCUSSION

### 1.    Personal Involvement

The complaint names as Defendants Chris Kelly, Mayor; Brian Kamuaf, Borough Manager; Borough Council Members Karent Santoro, Michael Moses, Scott Stephenson, Steve Marone, Joyce Kushner, John Inglis, Robert Kostelnick; and Gregory McCulloch, Chief of Police. However, the Complaint contains no factual allegations directed toward any of these Defendants.

A civil rights complaint must state the conduct, time, place, and persons responsible for the alleged civil rights violations. Evancho v. Fisher, 423 F.3d 347, 353 (3d Cir. 2005); Hall v. Pennsylvania State Police, 570 F.2d 86, 89 (3d Cir.1978)). In addition, an individual government defendant "in a civil rights action must have personal involvement in the alleged wrongdoing; liability cannot be predicated solely on the operation of *respondeat superior*." Evancho, 423 F.3d at 353 (3d Cir. 2005) (internal quotation marks omitted).

4

Because Yancy-El fails to allege any facts related to the Mayor, Borough Manager, Borough Council members, or the Chief of Police, it is recommended that these parties be dismissed as Defendants for failure to state claims against them upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

### 2.    Judicial Immunity

The Orders Imposing Sentence and Time Payment Orders for the underlying motor vehicle violations were issued by Magisterial District Judge Olasz. ECF Nos. 1-3 at 20-23. Judges are entitled to absolute immunity from civil rights claims that are based on acts or omissions taken in their judicial capacity, so long as they do not act in the complete absence of all jurisdiction. See Stump v. Sparkman, 435 U.S. 349, 355-56 (1978); Harvey v. Loftus, 505 F. App'x 87, 90 (3d Cir. 2012) (per curiam); Azubuko v. Royal, 443 F.3d 302, 303-04 (3d Cir. 2006) (per curiam) (absolute judicial immunity attaches even if the act were done in furtherance of a conspiracy). An act is taken in a judge's judicial capacity if it is "a function normally performed by a judge[.]" Gallas v. Supreme Ct. of Pennsylvania, 211 F.3d 760, 768 (3d Cir. 2000). "Generally ... 'where a court has some subject matter jurisdiction, there is sufficient jurisdiction for immunity purposes.'" Figueroa v. Blackburn, 208 F.3d 435, 443-44 (3d Cir. 2000) (quoting Barnes v. Winchell, 105 F.3d 1111, 1122 (6th Cir. 1997)). Judges of general and limited jurisdiction, including magisterial district judges, are entitled to judicial immunity. Id. at 441 (concluding that magisterial district judges, even though they preside over courts of limited jurisdiction, are entitled to protections of judicial immunity); see also Evans v. Lorah, No. 20-22, 2020 WL 2813317, at *3 (W.D. Pa. May 11, 2020), *report and recommendation adopted*, 2020 WL 2793088 (W.D. Pa. May 29, 2020) (dismissing pro se litigant's Section 1983 claims against a former magisterial district judge on screening under § 1915(e)(2)(B) on the basis of judicial immunity).

Yancy-El's claims against Magisterial District Judge Olasz concern actions taken by him when adjudicating the various summonses issued to her for violating the Pennsylvania Motor Vehicle Code by driving without a license and operating an unregistered and uninspected vehicle. Yancy-El complains that Olasz "exceed[ed] his limitations," and she has attached to her Complaint a document bearing the hallmarks of a "sovereign citizen." See "Averment of Jurisdiction – Quo Warranto," by which she demands a copy of a malpractice bond, and other nonsensical documents. ECF No. 1-3 at 16-17.  Yet, Yancy-El has not set forth any facts suggesting that he acted absent jurisdiction. Accordingly, Magisterial District Judge Olasz is entitled to absolute immunity. Evans, 2020 WL 2813317, at *3; see also Blackwell v. Middletown Borough Police Dep't, Civ. A. No. 12-825, 2012 WL 4033671, at *3-4 (M.D. Pa. May 30, 2012), *report and recommendation adopted*, 2012 WL 4025956 (M.D. Pa. Sept. 12, 2012) (dismissing *pro se* plaintiff's claims against a magisterial district judge for failure to state a claim at screening because "judicial immunity ... expressly extends to Pennsylvania magisterial district court judges") (citing Figueroa, 208 F.3d at 441); see also Youst v. Lancaster City Bureau Police Dep't, No. 20-3287, 2020 WL 6562073, at *3-4 (E.D. Pa. Nov. 9, 2020) (magisterial district judge was entitled to absolute immunity where the only allegations against her rose from "judicial determinations she made and an order she entered in the course of [the plaintiff's] criminal arraignment and [in] setting his bail").

Because Yancy-El's claims against Magisterial District Judge Olasz are barred by judicial immunity, any attempt to amend would be futile. Thus, it is recommended that the Court dismiss with prejudice her claims against Magisterial District Judge Olasz. See Grayson v. Mayview State Hosp., 293 F.3d 103, 108, 110 (3d Cir. 2002) (stating that leave to amend should generally be granted "only if amendment would be inequitable or futile.").

### 3.    Claims against Patrolmen Hamilton and Ripper

Yancy-El's allegations against Hamilton and Ripper contain a litany of legal conclusions without factual support sufficient to place these Defendants – or the Court – on notice of the basis of the claims asserted against them. As pleaded, the Court cannot determine the factual basis of any claims Yancy-El seeks to bring with sufficient clarity to apply the relevant law.

In Wright v. United States, the United State Court of Appeals for the Third Circuit affirmed the District Court's dismissal with prejudice of a *pro se* amended complaint where the amended complaint failed to assert adequate factual allegations to put the named defendants on notice of the claims against them. Wright, No. 22-1164, 2023 WL 4540469 (3d Cir., July 14, 2023) (per curiam). The Third Circuit stated, "[a]s the District Court noted, the second amended complaint lacked factual allegations with respect to many named defendants. [ ] The balance of defendants has been left to guess the specific factual nature and the legal basis of [the plaintiff's] claims against them, such that they are unable to properly answer or prepare for trial." Id. at *2 (citing Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir. 1988)).

As to the claims against Hamilton and Ripper, it is recommended that the Complaint be dismissed for failing to state a plausible claim because it does not comply with Federal Rule of Civil Procedure 8. It is further recommended that Yancy-El be granted leave to amend her Complaint to "flesh out [her] allegations by … explaining in the amended complaint the 'who, what, where, when, and why' of her claim." See Davis v. Internal Revenue Serv., No. 21-4728, 2022 WL 407639, at *3 (E.D. Pa. Feb. 9, 2022) (citing Gambrell v. S. Brunswick Bd. of Educ., No. 18-16359, 2019 WL 5212964, at *4 (D.N.J. Oct. 16, 2019)).[2]

---

[2] Should Yancy-El opt to file an Amended Complaint, she is advised that arguments challenging the general application of motor vehicle laws have been repeatedly rejected at the screening stage as frivolous. See, e.g., Augmon v. Pennsylvania, No. 22-1466, 2022 WL 16966723, at *2 (W.D. Pa. Oct. 25, 2022), *report and recommendation*

**D.    CONCLUSION**

For the reasons stated, it is respectfully recommended that the Court dismiss with prejudice the claims against Magisterial District Judge Richard D. Olasz, Jr., and as to all other parties, dismiss the Complaint without prejudice for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and Federal Rule of Civil Procedure 8.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Local Rule 72.D.2, the parties are permitted to file written objections within fourteen days, or seventeen days for unregistered ECF Users. Objections are to be submitted to the Clerk of Court, United States District Court, 700 Grant Street, Room 3110, Pittsburgh, PA 15219. Failure to timely file objections will waive the right to appeal. Brightwell v. Lehman, 637 F.3d 187, 193 n. 7 (3d Cir. 2011). Any party opposing objections may file their response to the objections within fourteen (14) days thereafter in accordance with Local Civil Rule 72.D.2.

Dated:  June 21, 2024                    Respectfully submitted,

                                         MAUREEN P. KELLY
                                         UNITED STATES MAGISTRATE JUDGE

cc:    The Honorable J. Nicholas Ranjan
       United States District Judge

       All counsel of record by Notice of Electronic Filing

---

*adopted*, No. 22-1466, 2022 WL 16963926 (W.D. Pa. Nov. 16, 2022) (citing United States v. Benabe, 654 F.3d 753, 767 (7th Cir. 2011); Yun v. New Jersey, 2019 WL 3416773, at *6 (D.N.J. July 29, 2019)).

8

Pamela P. Yancy-El
723 Mifflin Street
Duquesne, PA 15110