IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PAMELA P. YANCY-EL, | ) |
| Plaintiff, | ) Civil Action No. 2:24 CV 751 |
| v. | ) District Judge J. Nicholas Ranjan |
| | ) Magistrate Judge Maureen P. Kelly |
| CHRIS KELLY, et al., | ) |
| | ) Re: ECF No. 5 |
| Defendants. | ) |

## MEMORANDUM ORDER

Pending before the Court is a Motion for Removal filed by Plaintiff Pamela P. Yancy-El ("Yancy-El"). ECF No. 5. Through her motion, she seeks an Order removing an action she filed in the Court of Common Pleas of Allegheny County at GD-24-4611 to this Court. ECF No. 5. For the reasons that follow, the Motion for Removal is DENIED.

Yancy-El seeks to remove a case she filed against nearly identical defendants as those named as defendants in the action pending before this Court. See Pamela Davis-El v. Borough of West Mifflin et. al., No. GD-24-4611 (CCP Allegheny County, Pennsylvania). In her state court action, she alleges claims for "common law trespass, breach of trust confidence, failure in duty, conspiracy to interfere with citizens' rights." Id. (Dkt. No. 1) (Apr. 22, 2024). She claims that Defendants' failure to answer questions in writing and evasion caused her to suffer "harm, injury and financial loss to [her] person and to I, man." Id. Defendants have filed Preliminary Objections in the nature of a demurrer, and that motion will be heard by the Court of Common Pleas for Allegheny County on July 2, 2024. Id. (Dkt. No. 16 ).

Removal of her state court civil case to federal court is governed by 28 U.S.C. § 1441 and 1446. Pursuant to 28 U.S.C. § 1441(a), if a district court has original jurisdiction over a civil action

brought in state court, the action "may be removed by *the defendant or the defendants*, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a) (emphasis added). Thus, by its plain language the statute limits the right of removal to the "defendant" or "defendants." "Not only are the removal statutes clear and unambiguous, the case law interpreting them overwhelmingly supports the proposition that only a defendant may remove an action from state court." Gehm v. New York Life Ins. Co., 992 F.Supp. 209, 211 (E.D.N.Y.1998); see also Untracht v. Fikri, 454 F. Supp. 2d 289, 328 (W.D. Pa. 2006) ("What Plaintiff is in essence asking the Court to do is to allow him to remove an action he filed in state court. [However, removal] by a plaintiff is not permitted because the plaintiff had the original choice of forum.").

Because Yancy-El sets forth no grounds or supporting authority to permit removal of her state court action to this Court, the Motion for Removal, ECF No. 5, is DENIED.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Rule 72.C.2 of the Local Rules of Court, Plaintiff is allowed fourteen (14) days from the date of this Order to file an appeal to the District Judge which includes the basis for objection to this Order. Any appeal is to be submitted to the Clerk of Court, United States District Court, 700 Grant Street, Room 3110, Pittsburgh, PA 15219. Failure to file a timely appeal will constitute a waiver of any appellate rights.

Dated: June 24, 2024

Respectfully submitted,

*Maureen P. Kelly*
MAUREEN P. KELLY
UNITED STATES MAGISTRATE JUDGE

cc:  The Honorable J. Nicholas Ranjan
United States District Judge

All counsel of record by Notice of Electronic Filing

Pamela P. Yancy-El
723 Mifflin Street
Duquesne, PA 15110

3